CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
MAR 09 1999

DANIEL K. JAMES,

    Plaintiff,

v.    No. CIV 97-488 JP/RLP

KENNETH ROSS GRIECHEN,
in his individual capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is the Plaintiff's Appeal to Review Clerk's Order Settling Costs for Defendant [Doc. No. 63], filed November 16, 1998. After careful consideration of the law and the briefs, I have determined that the Plaintiff's motion should be granted in part and denied in part.

Following a bench trial, I found in favor of the Defendant on all four counts. *See* "*Judgment*," (Doc. No. 57). The Defendant then filed a motion to tax costs under D.N.M. LR-Civ. 54.2(b)(2), which the clerk granted.

Plaintiff argues that the Clerk's Order Settling Costs for the Defendant should be reversed in part. First, the Plaintiff argues that the depositions of the Defendant, Kenneth Ross Griechen; the Plaintiff, Daniel James; Tom Gillespie; and Charles Ney are not reasonably related to the litigation. Second, the Plaintiff claims that he should not be taxed a witness fee for Tom Gillespie.

FED. R. CIV. P. 54(d) creates a presumption in favor of awarding costs and a general

requirement that a court state its reasons if it decides to deny costs to a prevailing party. *See Furr v. AT & T Technologies*, 824 F.2d 1537, 1550 (10th Cir. 1987). It is the burden of the Plaintiff to overcome the presumption that the prevailing party is entitled to costs. *See Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980). My review of the clerk's order settling costs is de novo. *See Furr*, 824 F.2d at 1550 n. 11.

## Deposition Costs

A deposition is reasonably necessary to the litigation if a substantial portion of it is admitted into evidence or used at trial for impeachment purposes, *see* LR-Civ. 54.2(b)(2)(A), if the deposition is used by the Court in a ruling for summary judgment, *see* LR-Civ. 54.2(b)(2)(B), or if the Court otherwise determines that the deposition was reasonably necessary, *see* LR-Civ. 54.2(b)(2)(C).

None of the depositions was admitted into evidence at the trial. *See* "Clerk's Minutes" on June 3, 1998 [Doc. No. 53]; "Clerk's Minutes" on June 2, 1998, [Doc. No. 54]; "Amended Exhibit List by Defendant," [Doc. No. 52]; and "Second Amended Exhibit List by Plaintiff," [Doc. No. 50.] The Plaintiff impeached Kenneth Ross Griechen, the Defendant, with Griechen's deposition. *See* "Clerk's Minutes" on June 2, 1998. However, in order to tax the cost of the deposition, the party requesting costs must use the deposition for impeachment purposes at trial. *See Smylie v. Lockheed Martin Aerospace Corp.*, No. CIV 96-0597 (D.N.M. April 23, 1998). In this case, only the party opposing costs used the deposition. Therefore, none of the deposition costs are taxable under LR-Civ. 54.2(b)(2)(A).

In addition, none of the depositions was used by the Court in ruling on a motion for summary judgment, so the deposition costs are not taxable under LR-Civ 54.2(b)(2)(B).

However, three of the depositions were otherwise reasonably necessary to the litigation.

"[I]f materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs." *See Callicrate v. Farmland Industries*, 139 F.3d 1336, 1340 (10th Cir. 1998). The clerk's minutes show that Mike Bowen, the Defendant's law enforcement expert, did review the depositions of Kenneth Ross Griechen, Charles Ney and Tom Gillespie in preparation for his testimony. *See* "Clerk's Minutes" for June 3, 1998. Furthermore, because Gillespie was the Plaintiff's expert witness, it was necessary for the Defendant to depose Gillespie in order to cross-examine him at trial. *See Broman v. Lewis*, No. Civ. 93-1470 (D.N.M. June 4, 1996). Hence, the depositions of Griechen, Ney and Gillespie were reasonably necessary to the litigation, and the costs of those depositions are taxable under LR-Civ. 54.2(b)(2)(C).

## Gillespie's Witness Fee

The Plaintiff also argues that he should not be charged for Tom Gillespie's witness fee. Requests for witness costs must be itemized, separating witness fees, mileage and allowance for subsistence. *See* LR-Civ. 54.2(c)(1)(C). The Defendant's request is not itemized, and should be denied.

Therefore, it is ORDERED that:

(1) The Plaintiff's Appeal to Review Clerk's Order Settling Costs for Defendant [Doc. No. 63] is GRANTED in part and DENIED in part;

(2) the cost of deposing Daniel James is not taxed against the Plaintiff; and

(3) the costs of deposing Kenneth Ross Griechen, $170.89; Charles Ney, $109.70; and Tom Gillespie, $192.57 are taxed against the Plaintiff; and

(4) the witness fee for Tom Gillespie is not taxed against the Plaintiff.

(5) Accordingly, costs are taxed against the Plaintiff and in favor of the Defendant in the amount of $473.16.

_____
UNITED STATES DISTRICT JUDGE